[Civ. No. 4353.   First Appellate District, Division Two.—December 28, 1922.]

## PACIFIC SLOPE SECURITIES COMPANY (a Corporation), Respondent, v. FRED B. LLOYD, Appellant.

[1] CORPORATIONS — PURCHASE OF STOCK OF BUSINESS COMPETITOR — SECRET PROFITS—RECOVERY OF MANAGER.—Where a person while acting as the manager of a corporation receives secret profits in the purchase by the corporation of the stock of a business competitor and conceals from the corporation and its stockholders the fact that he has received such moneys, the corporation is entitled to recover the same from him.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. H. D. Burroughs, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

A. B. Weiler for Appellant.

Cooley & Crowley and A. E. Cooley for Respondent.

STURTEVANT, J.—The plaintiff brought an action against the defendant to recover a judgment for moneys had and received, the trial court entered a judgment in its favor, and the defendant has appealed and has brought up the judgment-roll and a bill of exceptions.

The pleadings contained numerous irrelevant matters, the findings are subject to the same criticism, and much irrelevant and immaterial testimony was received. We shall touch on only those matters that seem to us to be material.

For a time prior to the month of December, 1909, the Pacific Slope Securities Company and the Pacific Surety Company were competitors doing business in the state of California. In the early part of December a campaign was launched looking toward the purchase of the stock of the Pacific Surety Company by its rival, the plaintiff in this case. By pledging its own properties, and by others pledging their properties, $475,000 was borrowed and placed on deposit in the Western National Bank of San Francisco. On the thirteenth day of December, 1909, the board of directors of the plaintiff corporation passed a resolution as follows: "Resolved, That the Western National Bank of San Francisco be, and it is hereby instructed to disburse all moneys borrowed by this corporation and through the notes of others for the use of this corporation, directly or indirectly, for the purpose of bringing about the purchase of shares of stock in the Pacific Surety Company, on the order of William V. Lloyd, he being hereby appointed agent and trustee for this corporation in said transaction with full authority and power." The way that William V. Lloyd came to be named in the resolution is best stated in the language of the witness: "I am the brother of the defendant, Fred B. Lloyd. I did not on or about December 13, 1909, have any connection with the Pacific Slope Securities Company and never to my knowledge acted for that company on any behalf whatever. The way I came to be named in the resolution was that Fred B. Lloyd asked me to act as a trustee in protection of his interest. He told me also that some resolutions had been passed or something whereby the Western Metropolis Bank required my signature; that the affair had been withdrawn, but that the bank required my signature anyway and that I should go over and sign a paper with Mr. Childers. I did go to the bank. Mr. Childers signed a paper and then pointed out where I was to sign and I signed. That was the extent of my connection with the matter. I do not know what the paper was. I had never been advised of any purchase of stock of Pacific Surety Company and I had no connection with it. I knew nothing about any resolutions. I had never been told or requested to disburse moneys on account of Pacific Slope Securities Company and never received any of the money or knew of the disbursement. The only thing I ever

did or knew about was the signing of my name." E. N. Childers, the person mentioned by William V. Lloyd, was the president and F. C. Ballentine was the secretary of the plaintiff corporation. By other resolutions E. N. Childers as president, and F. C. Ballentine as secretary, were authorized to contract for the purchase of the stock of the Pacific Surety Company to an extent not less than one-half thereof on such terms as they might deem advisable. On the same day the Pacific Slope Securities Company, through its president and secretary, in writing, contracted to purchase from O. L. Van Laningham stock of the Pacific Surety Company at $190 per share, and to pay Van Laningham $36,000 commission. Thereupon Van Laningham proceeded to obtain options to purchase the stock; to cause the options to be sent to the Western National Bank for the purpose of being taken up; to cause the purchasers to duly examine the options, the amounts, etc.; and generally to get the block of stock, so accumulated, ready for sale and delivery. In making his purchases from the stockholders he paid $150 per share. After a sufficient amount of stock had been conditionally purchased, the options were taken up and paid for at the rate of $150 per share. After the options had been so taken up, and after Van Laningham's commission of $36,-000 had been paid, there was remaining on deposit in the bank $100,000, which sum was made up by the difference between $150 and $190 on each share of the stock so transferred. Out of said deposit in the bank, $36,000 was set aside to cover a claim in favor of A. P. Redding. That item is not in controversy. The remaining sum of $64,000 was drawn out of the bank on checks presented by the defendant Fred B. Lloyd and O. L. Van Laningham. Those two men appeared at the bank window together. After they had drawn that sum of money O. L. Van Laningham testified that he turned over to the defendant $37,250. The defendant denied that fact. The conflict in the testimony was for the trial court, and this court is not at liberty to disturb that finding. The conflict just noticed is the only conflict in the story related above. The record does not show the checks nor the form of the check on which the Western National Bank disbursed; however, the resolution, authorizing that bank to disburse the same on the order of William V. Lloyd, was in regular form and it must be presumed

at this time that the bank regularly and duly followed the directions contained in the resolution placed before it.

When the $64,000 was collected, as above recited, Van Laningham could have retained the whole because he was within the clear terms of his contract, but the question remains as to the rights of the defendant to receive from Van Laningham and retain for his own use any part of the $64,000.

When William V. Lloyd was appointed trustee for the plaintiff, he was at liberty to accept or reject the appointment. If he accepted the same he accepted the appointment with all of the duties arising out of such appointment. He had no legal right to assume the duties of such trusteeship for the plaintiff and at the time of entering upon the discharge of his duties to assume the obligation "in protection of his (Fred B. Lloyd's) interest" unbeknown to the plaintiff. When William V. Lloyd was appointed trustee there is some testimony in the record to the effect that Fred B. Lloyd was the manager of the plaintiff corporation. He so stated at Los Angeles to its secretary, F. C. Ballentine, and immediately before December 13, 1909. True it is that the defendant gave testimony to the effect that he was not an officer of the plaintiff corporation until December 29, 1909, but the conflict in the testimony was determined by the trial court against the defendant. There is no claim on the part of the defendant that the plaintiff or any of its officers knew that the defendant was to receive, or did receive, any moneys from Van Laningham. On the other hand, as we have stated, the defendant at the trial denied that he did receive any of such moneys.

[1]   In view of what has been said, it does not appear that the trial court erred in rendering the judgment which it rendered. The case is ruled in all particulars by the case entitled *Western States Life Ins. Co.* v. *Lockwood*, 166 Cal. 185 [135 Pac. 496]. While acting as manager of the plaintiff corporation the defendant received from Van Laningham secret profits and concealed from the plaintiff and its stockholders the fact that he had received such moneys. The corporation was clearly entitled to recover the same.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 25, 1923, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1923.

All the Justices present concurred.